OPINION.
Davis, J.,
delivered the opinion of the court:
The defendant admits that if the court has jurisdiction the claimant has made out a good case for a recovery on the facts. It contends that this suit is brought under that clause of the District act which gives the court jurisdiction over “ all certificates of the auditor of said Board of Public Works.” In the counsel’s brief it is said: .
The certificates of .the auditor intended by the act are well known to the court, and the form of one of them is set out in the opinion of the court in the case of Neuchatel Company v. The District of Colunibia (17 C. Cls. R., 394), and differs materially from those in question. * * * Instruments so different in-form and purpose cannot be presumed to have had a common designation.
The claimant’s certificates are what are known as “ improvement certificates.” They are signed by the auditor of the Board of Public Works, by order of the Board, and are further attested by the secretary and the treasurer of the Board. Of their genuineness there is no question; it is equally well settled that being genuine they constitute claims against the District of Columbia. (Fendall v. The District of Columbia, 16 C. Cls. R., 106.) Being signed by the auditor they are certificates of the auditor; none the less so that they are further certified by two other officers of the Board. Even if they are not technically “auditor’s certificates,” they are undoubtedly “claims arising out of contracts made by the late Board of Public Works,” and as such come within the strict letter of the act.
To hold otherwise would set aside the manifest intent of Congress. In giving us jurisdiction over these classes of *646 claims, and in barring; all .that are not prosecuted in this court, the Legislature intended to enable us to give the District a clean bill of health against floating debt contracted for improvements prior to March 11, 1876, whether contracted by the Board of Public Works, by the District Commissioners, or. by the old levy court, and whether certified by accounting officers or not. The rights of claimants in pending suits in the District courts were preserved, and the rights of the District in'.cases adjudicated by the Board of Audit in its favor were also preserved. These were the only reservations. If claims like those now in suit are not within the scope of the act, then one of the manifest purposes of Congress is defeated by its own carelessness. If the language of the statute were doubtful or obscure, it would be our duty to resort to the intention of the Legislature, in order to find the meaning of the words used in the acts. (United States v. Freeman, 3 How., 557.) We think the language of this act is plain; but if it be doubtful, the purposes of Congress are clear; and in any event the judgment of the court must be that the claimant recover of the defendant the sum of $100, as of ApriL12, 1873.